UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA PRADO,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-4536 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF AN EMERGENCY TEMPORARY RESTRAINING ORDER**<br><br>**(Docket No. 5)** |

       Currently pending before the Court is Plaintiff's motion for a temporary restraining order ("TRO"), in which she seeks to stay the sale of the real property at issue by Defendants. The motion is **DENIED** for several reasons.

       First, Plaintiff has not served Defendants with a copy of the motion. Thus, Plaintiff is asking for relief on an ex parte basis. Given the issues raised in the motion – or more on point, in the complaint – the Court is not inclined to grant Plaintiff any relief without giving Defendants an opportunity to present their side of the story.

       Second, notice problems aside, Plaintiff has failed to show that a TRO is necessary because she has not even identified when the purported sale is to take place. If, *e.g.*, the sale were not to take place for several months, then Plaintiff could ask for relief on a regularly noticed motion schedule.

       Third, Plaintiff has failed to show that she is entitled to any relief because she has failed to provide any evidence to support her claim that Defendants lack an ownership interest in the property. Plaintiff cannot simply rely on the allegations in her complaint. Moreover, even the

allegations in the complaint are problematic.  For example, Plaintiff claims that her loan was securitized and put into a trust, but she does even not identify the name of the purported trust.  Also, Plaintiff maintains that a national bank cannot lend credit, *see* Compl. at 9, but, even assuming that is true, there is no indication that any defendant is in fact a national bank.  As yet another example, Plaintiff refers to a splitting of the promissory note and deed of trust, *see* Compl. at 4, but she has failed to explain how the note and deed were irreparably split.  *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (referring to a promissory note and deed of trust being "irreparably split").

Accordingly, Plaintiff's request for relief is denied.  The denial is without prejudice.  If, however, Plaintiff files another motion for relief, she must give notice of the motion to Defendants (*i.e.*, serve Defendants with a copy of the motion).

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated: October 10, 2013

_____
EDWARD M. CHEN
United States District Judge