United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA PRADO, | No. C-13-4536 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| QUALITY LOAN SERVICE CORPORATION, *et al.*, | **(Docket Nos. 9, 14)** |
| Defendants. | |
| _____/ | |

Plaintiff Norma Prado has filed suit against Defendants Quality Loan Service Corporation, Aurora Loan Services LLC, and Nationstar Mortgage LLC. She has asserted various claims for relief related to the foreclosure of certain real property located in Hayward, California. Currently pending before the Court are Defendants' motions to dismiss. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for January 23, 2014. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the motions.

**I. DISCUSSION**

A.  Claims against Aurora

Aurora makes multiple arguments in its motion to dismiss, but the only one that the Court need address is that Ms. Prado is barred by res judicata from bringing her claims. Aurora contends that res judicata is applicable because Ms. Prado previously brought suit against it in state court, also challenging its authority to foreclose, but a judgment was entered in its favor in May 2013. *See*

1  Docket No. 10 (RJN, Exs. 12-14) (first amended complaint in state court action, court minutes
2  sustaining demurrer to that complaint, and judgment of dismissal).

3        The Court agrees with Aurora that res judicata bars Ms. Prado's claims in the instant case.
4  Under Ninth Circuit law, this Court must give the state court judgment the same preclusive effect as
5  would be given that judgment under the law of California. *See Holcombe v. Hosmer*, 477 F.3d 1094,
6  1097 (9th Cir. Nev. 2007). Under California law, res judicata applies where (1) a claim raised in the
7  present action is identical to a claim litigated in a prior proceeding; (2) the prior proceeding resulted
8  in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a
9  party to the prior proceeding. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

10        The second and third elements clearly have been met here. As for the first element, the
11  California Supreme Court has explained that "a judgment for the defendant is a bar to a subsequent
12  action by the plaintiff *based on the same injury to the same right, even though he presents a different*
13  *legal ground for relief*." *Id.* at 798 (internal quotation marks omitted; emphasis added). In other
14  words, claims in a prior and present proceeding are identical so long as the plaintiff seeks
15  compensation for the same harm. *See id.* Under this standard, the claims at issue in the instant case
16  are identical to the claims raised in the state court action. Even though different legal claims were
17  raised in the state court case, Ms. Prado seeks a remedy for the same injury in both cases – in
18  essence, a wrongful foreclosure.

19        In her papers, Ms. Prado suggests that res judicata is not a bar because the state court
20  judgment in favor of Aurora was obtained by fraud. The Ninth Circuit has indicated that res judicata
21  may be avoided where there is fraud but only where there is extrinsic fraud, and not intrinsic fraud.
22  *See E.& J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1287-88 (9th Cir. 1992). "Extrinsic
23  fraud essentially entails preventing a party 'from presenting all of his case to the court,' as opposed
24  to defrauding the party with respect to the substantive rights being adjudicated at a proceeding." *Id.*
25  at 1287 (stating that "[t]he classic example of extrinsic fraud is where 'the aggrieved party is kept in
26  ignorance of the proceeding or is in some other way induced not to appear'"); *see also Portnoy v. US*
27  *Bank NA*, No. S-06-2375 LKK GGH PS, 2007 U.S. Dist. LEXIS 88599, at *8 (E.D. Cal. Nov. 30,
28  2007) (stating that, "[i]f a party was kept ignorant of a lawsuit, induced not to appear, where a claim

or defense was concealed from a party, or where a judgment was obtained against a party through coercion or duress, extrinsic fraud may be established[;] [c]onversely, intrinsic fraud goes to the merits of the original action such as where perjury or altered or forged documents were used").

Here, Ms. Prado has only asserted intrinsic fraud, *see, e.g.*, Opp'n at 4 (arguing that, "since Quality is not a lawful Trustee and none of the Defendants own the Note, you have committed a fraudulent sale and with the fraud, the res judicata goes out the window"), and therefore her attempt to avoid res judicata is foreclosed.

Moreover, even Ms. Prado's claim of intrinsic fraud is problematic – *e.g.*, she suggests that MERS did not have the authority to act but that is belied by the face of the deed of trust, which deems MERS the nominee for the lender as well as its successors and assigns. *See* Docket No. 10 (RJN, Ex. 1) (Deed of Trust at 2-3); *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1170-71 (9th Cir. 2013) (upholding acts by MERS as it was the nominee beneficiary under the deed of trust on behalf of the lender); *Gomes v. Mortg. Elec. Reg. Sys.*, No. S-11-1790 KJM GGH PS, 2012 U.S. Dist. LEXIS 13388, at *7 (E.D. Cal. Feb. 3, 2012) (stating that "California courts have held that MERS may properly serve as a beneficiary and nominee for the lender when the deed of trust so specifies").

The Court acknowledges that Ms. Prado does raise one claim that does not appear to be barred by res judicata. More specifically, Ms. Prado suggests that Aurora engaged in wrongdoing in July 2013 (*i.e.*, after entry of the state court judgment) by failing to respond to a qualified written request that she sent to it. *See* Compl. at 21-22 (asserting that "Plaintiff demanded . . . that these named Defendants . . . provide proof of their right to proceed in foreclosure" and "give the name, address and phone number of the entity or natural person who was in possession of the one original, wet-ink signature, promissory note that was used as the 'Corpus' (body) as an asset for the trust to still be valid").

But even if res judicata is not applicable as to this claim, there is an independent basis for dismissal. That is, while Ms. Prado professes to be making a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), she is really making a claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"). *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666

(9th Cir. 2012) (discussing qualified written requests pursuant to RESPA). However, the RESPA claim is not viable because, as this Court has previously held, "'a request related to ownership of a loan or validity of a loan [as opposed to servicing] is not covered by RESPA.'" *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, at *11 (N.D. Cal. Sept. 24, 2012).

B. <u>Claims Against Nationstar</u>

The claims against Nationstar are also dismissed. Ms. Prado has failed to allege any specific wrongdoing by Nationstar and, based on the judicially noticeable documents, it appears that Nationstar was not involved in the foreclosure but simply acquired the property from Aurora after the foreclosure sale. *See* Docket No. 10 (RJN, Ex. 10) (quitclaim deed).

C. <u>Claims Against Quality</u>

Finally, the claims against Quality are dismissed. Quality correctly argues that (1) the RESPA claim (incorrectly labeled a FDCPA claim by Ms. Prado) is not viable because Quality was neither the lender nor loan servicer but rather simply acted as the foreclosure trustee, *see, e.g.*, RJN, Ex. 2 (substitution of trustee, naming Quality as successor trustee); RJN, Ex. 3 (notice of default, signed by Quality "as agent for beneficiary"); RJN, Ex. 11 (complaint in state court action, alleging that Quality was the alleged substituted trustee)[1]; (2) the quiet title claim is essentially moot as Quality does not claim any current title to the property; (3) the predatory lending claim is not plausible as Quality was simply the foreclosure trustee; (4) the claim for declaratory relief is duplicative of the other claims; and (5) the purported claim for injunctive relief is not viable because injunctive relief is not a cause of action but rather simply a remedy.

## II. CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss. The dismissal is with prejudice as Ms. Prado has failed to make any argument in her opposition that would suggest that any claims against Defendants would not be futile. The critical problem for Ms. Prado is that her claims against all Defendants ultimately rest on the alleged wrongdoing of Aurora (who was

---

[1] The Court takes judicial notice of this fact.

4

assigned the deed of trust by the original lender, *see* RJN, Ex. 6), but the claims against Aurora are clearly barred by the doctrine of res judicata. The Court also notes that Ms. Prado's complaint is problematic in that it appears predicated in large part on an alleged securitization but she has failed to show a good faith belief that her loan was ever placed into a REMIC trust; indeed, she never names or otherwise identifies the trust in any of her papers.

Accordingly, the Court instructs the Clerk of the Court to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket Nos. 9 and 14.

IT IS SO ORDERED.

Dated: January 6, 2014

_____
EDWARD M. CHEN
United States District Judge