United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORMA PRADO,

        Plaintiff,

    v.

QUALITY LOAN SERVICE CORPORATION, *et al.*,

        Defendants.
_____/

No. C-13-4536 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**(Docket No. 28)**

Plaintiff Norma Prado initiated this action against Defendants Aurora Loan Services LLC, Nationstar Mortgage LLC, and Quality Loan Service Corporation. In her complaint, she raised various claims but the thrust of her complaint was that Defendants had wrongfully foreclosed on her home. Defendants moved to dismiss. On January 6, 2014, the Court granted Defendants' motions and entered a final judgment in Defendants' favor. *See* Docket Nos. 25, 27 (order and judgment). Ms. Prado did not timely appeal the final judgment. However, on May 5, 2014, she filed the currently pending motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

Having considered the parties' submissions,[1] the Court hereby **DENIES** Ms. Prado's motion to reconsider.

///

///

///

---

[1] Only Quality filed a written opposition to the motion for reconsideration.

**I.   DISCUSSION**

A.   Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" for certain specified reasons. Fed. R. Civ. P. 60(b). Here, Ms. Prado has invoked the reasons identified in Rule 60(b)(1), (3), (4), and (6).

Under Rule 60(b)(1), relief may be obtained where there is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(3), relief may be obtained where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Under Rule 60(b)(4), relief may be obtained where "the judgment is void." Fed. R. Civ. P. 60(b)(4). Finally, under Rule 60(b)(6), relief may be obtained for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

B.   Rule 60(b)(3), (4), and (6)

Ms. Prado has failed to establish that she is entitled to relief under Rule 60(b)(3), (4), or (6).

Under Rule 60(b)(3), a court may vacate a judgment that is obtained by fraud. Here, Ms. Prado claims that Defendants fraudulently foreclosed on her property. But she has failed to allege or otherwise show that Defendants engaged in any fraud in obtaining a judgment in this action. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (stating that, to prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting [its case]"; adding that the rule "'is aimed at judgments which were unfairly obtained, not at those were are factually incorrect'").

Under Rule 60(b)(4), a court may vacate a judgment that is void. But "[a] final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with the due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Here, this Court did not lack jurisdiction over the case, nor did it act in a manner inconsistent with the due process of law. For example, it gave Ms. Prado a full opportunity to respond on the merits to Defendants' motions to dismiss.

Finally, Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). More important, Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). Here, Ms. Prado's motion is fully covered by Rule 60(b)(1) – in essence, she argues that this Court made a mistake in granting Defendants' motion.

C.  Rule 60(b)(1)

The Ninth Circuit has specifically recognized that errors of law are cognizable under Rule 60(b). *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982). It has also noted that, where the legal error is a mistake by the court, Rule 60(b)(1) is applicable. *See id.*; *see also In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 n.7 (9th Cir. 2007).

Here, the Court has reviewed Ms. Prado's motion and finds no basis for her assertion that it made a legal error. For example, Ms. Prado claims that the Court's res judicata analysis was incorrect because the claims she asserted in the state court proceeding are different from the claims she asserted here. *See* Mot. at 2. But "[r]es judicata serve as a bar to all causes of action that were litigated or *that could have been litigated* in the first action." *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 155 (2005) (emphasis added).

Ms. Prado also argues that MERS cannot serve as both a beneficiary and a nominee, but that is belied by the authority cited by the Court in its order. *See* Docket No. 25 (Order at 3).

To the extent Ms. Prado contends that the Court erroneously construed her claim under the Federal Debt Collection Practices Act ("FDCPA") to be a claim under the Real Estate Settlement Procedures Act ("RESPA"), the Court does not agree. First, Ms. Prado has failed to show that there is relief under the FDCPA for failure to respond to a qualified written request (as she alleges in her complaint). *See* Compl. at 21 (alleging that Defendants "received a copy of a 'Written Notice of Dispute' contained in a 'Qualified Written Request'" and that, "[u]nder the law, they were given 30 days to comply with the Federal Fair Debt Collection Practices Act (FDCPA) by answering all of the questions and mail them back to Plaintiffs"). Second, even if Ms. Prado had sent a statement to Defendants pursuant to the FDCPA, *e.g.*, disputing the validity of the debt or asking for the name

and address of the original creditor, *see* 15 U.S.C. § 1692g(a), she would fare no better for several reasons (and this assumes, as Ms. Prado contends, that mortgage foreclosure constitutes debt collection under the statute). *See* Mot. at 5 (citing Sixth Circuit decision, implicitly, *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013)). *But see Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-cv-03646 JSC, 2013 U.S. Dist. LEXIS 74067 (N.D. Cal. May 24, 2013) (acknowledging *Glazer* but disagreeing with it; ultimately concluding that not all action related to nonjudicial foreclosure is debt collection). For example:

- Ms. Prado allegedly sent letters to Defendants in July 2013, *see* Compl. at 12, but this was well after the sale of the real property at issue in August 2012. *See* Docket No. 10-1 (RJN, Exs. 8-9). Ms. Prado has failed to cite any authority showing that the FDCPA is applicable in such circumstances.
- Nationstar never appears to have demanded any money from Ms. Prado, either on its behalf or on the behalf of anyone else. Indeed, the judicially noticeable documents reflect that Nationstar simply obtained the real property at issue after the property was sold at the trustee's sale.
- To the extent Aurora demanded payment from Ms. Prado, the FDCPA had no application to it because the statute "applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts." *Lyons v. Bank of Am., NA*, No. 11-01232 CW, 2011 U.S. Dist. LEXIS 90499, at *34 (N.D. Cal. Aug. 15, 2011); *see also Brooks v. Citibank (S.D.), N.A.*, 345 Fed. Appx. 260, 262 (9th Cir. 2009) (stating that "[t]he text of the FDCPA as well as its legislative history make clear that Congress did not intend the Act to encompass creditors").
- As for Quality Loan, there is nothing to support Ms. Prado's contention that it is a debt collector. Under the FDCPA, a debt collector is defined as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," or (2) for purposes of 15 U.S.C. § 1692f(6), "any person who uses any instrumentality or interstate commerce or

4

the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Ms. Prado has never adequately alleged or otherwise offered evidence to show that the principal purpose of Quality Loan's business is debt collection or enforcement of security interests.

## II. CONCLUSION

For the foregoing reasons, Ms. Prado's Rule 60(b) motion is denied.

This order disposes of Docket No. 28.

IT IS SO ORDERED.

Dated: May 21, 2014

_____
EDWARD M. CHEN
United States District Judge

5